IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01952-EWN-OES

NEKYLE A. CHANEY,

Plaintiff,

vs.

G. FOZZARD,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

This matter is before me on defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant To Fed.R.Civ.P. 12(b)(6) ("Motion To Dismiss"). This case has been referred to me under a General Order of Reference, pursuant to 28 U.S.C. § 636(b)(1)(A)&(B) and D.C.COLO.LCivR 72.1, to provide a recommendation on this motion. The parties' rights to seek review or reconsideration of this Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ. P. 72." As set forth below, I recommend that this action be dismissed, without prejudice, based upon plaintiff's failure to exhaust his administrative remedies.

### BACKGROUND

On September 13, 2004, plaintiff submitted a *pro se* Prisoner Complaint

pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Upon review of the Complaint, under 28 U.S.C. § 1915A, on November 24, 2004, the Honorable Zita L. Weinshienk dismissed all claims and defendants set forth within the Complaint, except for plaintiff's claim of excessive force against defendant G. Fozzard.

In an Amended Complaint, filed on December 13, 2004, plaintiff contends that on December 23, 2003, the prison force team, including defendant Fozzard, was called to remove him from his cell after it was alleged that he would not "cuff-up" and take a "cellie."  Plaintiff alleges that because he was already restrained in his cell, defendant Fozzard used excessive force against him, without probable cause, resulting in the plaintiff suffering physical pain in violation of his Eighth Amendment rights.  Plaintiff seeks compensatory and punitive damages, transfer from USP Florence, and other equitable relief.

Defendant has challenged the Amended Complaint with the filing of a Motion To Dismiss.  In the motion, the defendant argues that plaintiff has failed to exhaust his administrative remedies prior to initiating this lawsuit, and that he is entitled to qualified immunity with regard to the claim against him. Plaintiff has not responded to the motion.

## DISCUSSION

### I.      Standard of Review.

Defendant brings this motion pursuant to Fed.R.Civ.P. 12(b)(6), alleging that plaintiff has failed to state a claim upon which relief can be granted.  A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that

2

a plaintiff can prove no set of facts which would entitle him to relief.  See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).  In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party."  Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  The issue in reviewing the sufficiency of plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), (overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).  Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved.  See Fed.R.Civ.P. 8(a); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the pro se litigant's advocate.  Hall, 935 F.2d at 1110.  A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting Hall, 935 F.2d at 1110 (additional quotation marks omitted)).

**II.     Plaintiff's Failure To Prosecute Pending Lawsuit.**

During the Preliminary Scheduling/Status Conference held in this matter on
March 24, 2005, which the plaintiff attended telephonically, he was directed to file a
response to the defendant's Motion To Dismiss on or before April 21, 2005.[1]  See
Docket #40.  Accordingly, plaintiff had notice that this motion had been filed and of his
deadline to file a response.

To date, the record in this matter reflects that no response or request for
extension of time to respond has been filed by the plaintiff.  Although the court must
liberally construe *pro se* pleadings, *pro se* status does not excuse the obligation of any
litigant to comply with the same rules of procedure that govern other litigants.  See
Green v.  Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Nielsen v. Price, 17 F.3d 1276,
1277 (10th Cir. 1994).

Further, on October 5, 2004, plaintiff was allowed to proceed *in forma pauperis*
in this action without the prepayment of fees.  However, he was notified, in writing, of
his obligation to pay the full amount of the $150.00 filing fee pursuant to 28 U.S.C. §
1915(b)(1) regardless of the outcome of this action.  See Docket #8.  He was further
notified of the requirement that he make monthly payments to the court with regard to
his filing fee obligation, or to show cause each month as to why he has no assets or
means by which to make the payment.  Id.  Plaintiff has not  made a filing fee payment,

---

[1]I note that the Minute Order commemorating the proceedings which was mailed
to the plaintiff on March 25, 2005, was returned as undeliverable.  See Docket notation
on April 1, 2005.  Plaintiff notified the court of a change of address on January 21,
2005, see Docket #25, but his mailing address has not been changed in the record.

or demonstrated cause why he cannot, since February 14, 2005.  See Docket #30.

Plaintiff has failed to comply with the court's directives in this case with regard to the defendant's pending motion, and with regard to his filing fee obligations.  Plaintiff has failed to meet his burden in this regard, and his failure to respond in any manner amply demonstrates a lack of reasonable diligence in prosecuting this lawsuit.  In short, it appears that plaintiff has lost interest in this case, lost touch with the court, or both.

## III.    Failure to Exhaust Administrative Remedies.

Defendants argue that the plaintiff has failed to exhaust his administrative remedies with regard to his claim alleging that excessive force was used against him by defendant Fozzard, in violation of the Eighth Amendment.  In this regard, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).  In analyzing the issue raised by the defendant, case law concerning prison conditions brought under 42 U.S.C. § 1983 is applicable to this Bivens action.  See Butz v. Economou, 438 U.S. 478, 504 (1978).

The United States Supreme Court has held that § 1997e(a) makes exhaustion "mandatory" for all "inmate suits about prison life."  Porter v. Nussle, 534 U.S. 516, 524, 532 (2002); see, also, Booth v. Churner, 532 U.S. 731 (2001).  "Resort to a prison grievance process must precede resort to a court."  Porter, 534 U.S. at 529. Exhaustion of administrative remedies is required even when the available

administrative remedies appear futile, as long as authorities at the administrative level have some authority to take some responsive action. Booth, 532 U.S. at 740 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Even if the prisoner was confused with regard to the prison grievance system, and understood his claim to be non-grievable, exhaustion is required. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003). Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective. Booth, 532 U.S. at 740.

Further, § 1997e(a)'s exhaustion requirement is not an affirmative defense, and cannot be waived by a defendant. Steele, 355 F.3d at 1209. Rather, exhaustion of administrative remedies is an essential allegation of a prisoner's claim. Id. When reviewing a Rule 12(b)(6) motion which raises the issue of failure to exhaust administrative remedies under the PLRA, the court may consider administrative materials attached to the prisoner's complaint. See Id. at 1212. If the prisoner does not incorporate by reference or attach the relevant administrative decisions, "a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." Id.

Here, plaintiff alleges in his Amended Complaint that "[a]dministrative remedy was not extended to me." AMENDED COMPLAINT, Docket #19. However, review of the grievance materials which plaintiff has attached to his Amended Complaint demonstrates that the plaintiff had access to and did utilize the prison grievance

6

system, however, the issue raised by him concerned allegations that he had been
denied due process in the course of the prison disciplinary proceedings against him.
See Id., attch'd Regional Administrative Remedy Appeal #327785-A1 and #327785-R1.
In the denial of the regional appeal, it was recommended that if plaintiff had complaints
regarding staff misconduct, he could submit the complaint in a separate Administrative
Remedy Appeal.  See Id., attch'd Regional Administrative Remedy Appeal Response.
No other documentation is supplied by the plaintiff in this regard.

The grievance documentation attached to the plaintiff's Amended Complaint
does not clearly set forth a separate Eighth Amendment excessive force claim against
defendant Fozzard.  The focus of the materials is alleged improprieties in disciplinary
proceedings against the plaintiff.  There is parenthetical reference to defendant
Fozzard as being a staff member involved in an alleged assault on the plaintiff on 12-
23-03, but the reference is fleeting and with no facts to substantiate a claim.  Courts
have differed on what specific information an inmate must include in a grievance to
satisfy the exhaustion requirement.  See  Thomas v. Woolum,  337 F.3d 720 (6th Cir.
2003); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002); Smelzer v. Hook, 235
F.Supp.2d 736 (W.D.Mich. 2002); and Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir.
2000).   While the courts differ on the degree of specificity that they require for
purposes of exhaustion, what is not disputed is that prison administrators must be given
prompt notice of problems, so that they may be corrected internally in the first instance,
and so that an administrative record may be developed prior to suit.  See Porter, 534
U.S. at 524-25.  The purposes that are outlined by the Supreme Court in Porter are

furthered by the principles of notice pleading.  Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) (nature of the claim need only be sketched).  Applying these legal principles to the facts presented in this case, I conclude that the documentation which the plaintiff has attached to his Amended Complaint would fail to alert the reader to an Eighth Amendment excessive force claim.

In support of his Motion To Dismiss, the defendant has supplied to the court the plaintiff's administrative remedy log.  See MOTION TO DISMISS, Docket #36, Exh. A.  As noted, "[p]laintiff has attempted to file administrative remedies, however, they have all been rejected due to his failure to follow BOP's procedures."  Id.  Specifically noted are procedural problems with Administrative Remedy #321530-F1 (alleging staff misconduct), #322709-R1 (alleging excessive use of force), #322888-R1 (alleging assault by staff), #335129-F1 (alleging many staff violations), and #335129-R1 (same). "An inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under PLRA for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).  The "doctrine of substantial compliance does not apply" to cases arising under PLRA.  Id.  The administrative remedy log demonstrates that plaintiff is no stranger to the grievance process, and his own pleading demonstrates that he is aware of the PLRA exhaustion requirement; plaintiff references two other lawsuits he has filed in this court, which have been dismissed based upon a failure to exhaust administrative remedies.  See AMENDED COMPLAINT, Docket #19, Sec. E, p. 7.  However, plaintiff has presented no evidence or well-pled facts, or facts from which it can be inferred, to demonstrate that he exhausted

his excessive force claim against defendant Fozzard.

Moreover, a prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." Jernigan, 304 F.3d at 1033. If plaintiff should now attempt to rectify his failure to fully exhaust his administrative remedies by submitting grievances through the proper procedures in this regard, they would most likely be barred as untimely. See MOTION TO DISMISS, Docket #36, Exh. A, p. 3 (applicable Bureau of Prisons regulations which require a prisoner to file a grievance no later than 20 days "of the day on which the basis for the request occurred"). The Tenth Circuit has held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he had exhausted his administrative remedies. . . ." Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004). As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals. Id.

This court also must take into consideration any allegations that the prison frustrated or prevented an inmate from utilizing the grievance procedure by, for example, failing to provide him with the required forms. See Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (holding district court erred in failing to consider prisoner's claim that he was unable to file a grievance, and therefore lacked available

administrative remedies, because prison officials refused to provide him with the necessary grievance forms); see, also, Yousef v. Reno, 254 F.3d 1214, 1222 (10th Cir. 2001).

In this case, plaintiff has presented no well-pled facts or facts from which it can be inferred to demonstrate that the prison has frustrated or prevented him from utilizing the grievance procedure.  Plaintiff has made only a conclusory statement that the administrative remedy process was not made available to him.   Conclusory allegations without supporting facts are insufficient to state a claim on which relief can be based, and the court may not construct a legal theory for the plaintiff that assumes facts which have not been pled.  See Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); see, also, Hall, 935 F.2d at 1109-10, 1113.

Accordingly, plaintiff has not exhausted his administrative remedies with regard to the claim of excessive force set forth in his Amended Complaint.   On the facts alleged, allowing the plaintiff an opportunity to again amend his pleading would be futile.  In Ross, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice."  Ross, 365 F.3d  at 1190.  Plaintiff has not administratively exhausted his claim against defendant Fozzard which he brings in this lawsuit.  Accordingly, dismissal of this action, without prejudice, for failure to exhaust administrative remedies as directed by Ross is warranted and consideration of the defendant's remaining arguments for summary judgment is unnecessary.

10

**CONCLUSION**

Based upon the foregoing, and the entire record herein, it is hereby

**RECOMMENDED** that the defendant's Motion To Dismiss [Filed March 15, 2005;

Docket #36] be **GRANTED**, in part, and that this lawsuit be dismissed without prejudice

in its entirety based upon plaintiff's failure to exhaust his administrative remedies.  It is

further **RECOMMENDED** that the remaining arguments for dismissal presented by

defendant's Motion To Dismiss be deemed **MOOT**.

Dated at Denver, Colorado, this 14th day of December, 2005.

BY THE COURT:


s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).